IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

FLORIDA HOTELS & RESTAURANTS, INC. AND THE ORLANDO SHERATON HOTEL AND/OR THE RADISSON ORLANDO HOTEL, a Florida Corporation

    Plaintiff,

vs.

CASE NO.: 2009-CA-25286

ZURICH AMERICAN INSURANCE COMPANY, a corporation authorized and doing business in Florida,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FLORIDA HOTELS & RESTAURANTS, INC. AND THE ORLANDO SHERATON HOTEL AND/OR THE RADISSON ORLANDO HOTEL, by and through the undersigned attorney, and sues the Defendant and alleges as follows:

1. This is an action for damages in excess of $15,000.00 exclusive of interest, costs and attorney fees.

2. Plaintiff, FLORIDA HOTELS & RESTAURANTS, INC. AND THE ORLANDO SHERATON HOTEL AND/OR THE RADISSON ORLANDO HOTEL, was and is a Florida Corporation duly organized under the laws of the State of Florida, authorized and doing business in Orange County, Florida. FLORIDA HOTELS & RESTAURANTS, INC. AND THE ORLANDO SHERATON HOTEL AND/OR THE RADISSON ORLANDO HOTEL is a hotel located in Orange County, Florida. The subject policy of insurance number, CPO 2780352-01 involved herein was issued by Defendant to Plaintiff in Orange County, Florida. Certificate of



EXHIBIT "A"

Insurance is offered as proof of the policy is attached herein as Exhibit No. 1, or will be provided upon receipt of a certified copy from Defendant.

3. Defendant, ZURICH AMERICAN INSURANCE COMPANY, is an insurer doing business in Florida.

4. The damages, as alleged herein, arose as a direct and proximate results of Hurricane Charlie, Frances and Jeanne which occurred on 8/13/2004, 9/5/2004 and 9/26/2004. Plaintiff notified ZURICH AMERICAN INSURANCE COMPANY of the instant claims immediately after the hurricane. Defendant has been aware of the instant claims.

5. Plaintiff purchased insurance from ZURICH AMERICAN INSURANCE COMPANY to cover Plaintiff's hotel facility, and a policy of insurance, including but not limited to coverage to protect against wind and rain issued to Plaintiff, as set forth herein. The intent of the policy was to provide actual property insurance coverage, including but not limited to coverage against the peril of windstorm.

6. Plaintiff's hotel property was damaged by the covered perils of wind and/or rain and/or windstorm on 8/13/2004, 9/5/2004 and 9/26/2004 and thereafter and, continues to be damaged. The damage to the subject structures and property was caused by a covered peril, to wit: the subject hurricanes, under the subject insurance policy.

7. The Defendant has been evaluating the loss for almost five (5) years and is well aware of the damage to the property.

8. The insurance policy at issue was in full force and effect as to the Plaintiff when damage occurred to the Plaintiff's property covered under the subject insurance policy. The policy of insurance is in the exclusive control of the Defendant. Plaintiff will obtain a copy through discovery. Plaintiff incorporates by reference the terms of the policy in this Complaint.

9. The damages to Plaintiff's building(s)/structure(s), business income interruption, business contents, accounts receivable, other property, covered under the subject insurance policy as a direct and proximate result of a covered peril, to wit: the hurricane:

Defendant has a contractual and legal obligation to pay for these enumerated out-of-pocket expenses, including debt for expenses not yet paid in full, and refuses to so pay.

10. Plaintiff timely notified ZURICH AMERICAN INSURANCE COMPANY of the losses. Voluminous reports and estimates itemizing the losses and replacement, itemizing the losses, have been provided to ZURICH AMERICAN INSURANCE COMPANY or its agents.

11. Plaintiff has complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receiving benefits or proceeds under the above policy, or maintaining the instant suit for the breach or declaration of said policy. Alternatively, given the almost five (5) years since the loss, Defendant has waived or never had standing to assert the absence of any prerequisites, whether denominated conditions precedent, duties after loss, or otherwise.

12. Plaintiff has filed all necessary proof of loss forms and voluminously substantiated the items claimed. Alternatively, given the almost five (5) years since the loss, Defendant has waived or never had standing to assert the absence of any proof of loss forms.

13. Plaintiff has retained the undersigned and agreed to pay them a reasonable fee and all costs. Subject matter jurisdiction and venue are proper in Orange County as it is the county in which the cause of action accrued, and where the property in this litigation is located. F.S. 47.011, or, in any event, the subject insurance contract was entered into in Orange County, and provided coverage in Orange County, Florida.

## COUNT I - BREACH OF THE INSURANCE
## CONTRACT AGAINST DEFENDANT

Plaintiff re-alleges paragraphs 1-13 and further states:

14. The Plaintiff and Defendant, by operation of law as detailed above, have a binding insurance policy that provides for coverage of the losses sustained in this case. The Plaintiff has provided copious documentation showing proof of losses and made the property available for inspection following each loss.

15. The Defendant had a duty under the subject insurance contract to fully compensate Plaintiff for all losses covered under the subject policy as a result of an enumerated peril. Defendant has failed to perform its obligations and duties under the subject policy.

16. The Defendant has failed to identify in writing any reason why payment was not made. Defendant has affirmatively denied, other than by delay, Plaintiff's claims as detailed herein.

17. Defendant has not identified in writing, or otherwise, any other information that is required to be provided or produced by Plaintiff in order to process or pay the claim that is the subject of the above-captioned lawsuit.

18. Defendant has never claimed in writing that Plaintiff has failed to cooperate in any way or that Plaintiff prohibited or interfered with the Adjuster's processing of the claim. The Plaintiff has suffered damages in the form of unpaid policy proceeds as a result.

19. The Defendant has failed to pay all owed amounts and attorney's fees and costs incurred in pursuing the claim. Plaintiff has sustained damages in the form of unpaid insurance proceeds and continuing harm to the property.

20. Plaintiff is entitled to recover attorney's fees and costs under F.S. §627.428, §57.041, §92.231 and all damages that might be cognizable under F.S. §57.105(3) from the Defendant's

"unreasonable delay" or maintaining any defenses that are not supported by the record facts or then-existing law.

## COUNT II - DECLARATORY RELIEF AGAINST DEFENDANT

Plaintiff re-alleges paragraphs 1- 13 and further states:

21.   This is an action for declaratory relief brought pursuant to F.S. §86.011.

22.   Plaintiff and Defendant, by operation of law, have a valid contract of insurance.

23.   Since the Defendant has refused or otherwise failed to pay clearly owed policy proceeds under the insurance contract for the loss of 8/13/2004, 9/5/2004 and 9/26/2004, Plaintiff remains quite interested in its rights and obligations under the contract of insurance. The conduct of Defendant has given rise to Plaintiff's doubt about the extent of its rights under the policy.

24.   Among other bona fide disputes between the parties, Plaintiff seeks a declaration from this Court of the validity of the terms of the insurance contract, and Plaintiff's rights and obligations under the policy specifically the application of the deductible and its compliance with Florida law.

25.   As a necessary concurrent finding of the determination sought in paragraph 24, Plaintiff likewise seeks a declaration from this court that such "covered claims" must be paid and that an explanation of benefits is owed pursuant to Florida law for all prior payments, if any.

26.   As an additional necessary concurrent finding of the determination sought in paragraph 24, Plaintiff likewise seeks a declaration from this court that Defendant has no valid defenses under the policy at issue to the immediate payment of the covered claims.

27.   As an additional necessary concurrent finding of the determination sought in paragraph 24, Plaintiff likewise seeks a declaration from this court that Defendant has no valid defenses or immunities at law, to the immediate payment of the covered claims.

28. Plaintiff moreover seeks and is entitled to a determination that the co-insurance and deductible provisions of the subject policy do not comply with. F.S. 627.701, and accordingly any payments for, or deductions from proceeds because of, deductibles or coinsurance are void.[1]

29. Additionally and alternatively, Plaintiff seeks a determination that the subject policy provisions concerning coinsurance and deductibles are void as they fail to comply with F.S. 627.701.

---

[1] F.S. 627.01, provides" 627.701 Liability of insureds; coinsurance; deductibles.-- (1) A property insurer may issue an insurance policy or contract covering either real or personal property in this state which contains provisions requiring the insured to be liable as a coinsurer with the insurer issuing the policy for any part of the loss or damage by covered peril to the property described in the policy only if:

(a) The following words are printed or stamped on the face of the policy, or a form containing the following words is attached to the policy: "Coinsurance contract: The rate charged in this policy is based upon the use of the coinsurance clause attached to this policy, with the consent of the insured.";

(b) The coinsurance clause in the policy is clearly identifiable; and

(c) The rate for the insurance with or without the coinsurance clause is furnished the insured upon his or her request.

(2) Unless the office determines that the deductible provision is clear and unambiguous, a property insurer may not issue an insurance policy or contract covering real property in this state which contains a deductible provision that:

(a) Applies solely to hurricane losses.

(b) States the deductible as a percentage rather than as a specific amount of money. "

and:

"4)(a) Any policy that contains a separate hurricane deductible must on its face include in boldfaced type no smaller than 18 points the following statement: "THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU." A policy containing a coinsurance provision applicable to hurricane losses must on its face include in boldfaced type no smaller than 18 points the following statement: "THIS POLICY CONTAINS A CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU."

(b) For any personal lines residential property insurance policy containing a separate hurricane deductible, the insurer shall compute and prominently display the actual dollar value of the hurricane deductible on the declarations page of the policy at issuance and, for renewal, on the renewal declarations page of the policy or on the premium renewal notice."

30. Plaintiff is entitled to have this honorable Court remove all doubts raised by Defendant, concerning the validity and enforceability of its insurance contract. Plaintiff is entitled to a determination that it has one claim for damages. Plaintiff is entitled to a determination that the insurance contract, with the exception of the void provisions, is valid and enforceable.

31. As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs. Should Plaintiff prevail, it shall be entitled to interest from the date of the judgment.

**WHEREFORE**, Plaintiff requests this Court to:

a. Take jurisdiction of the subject matter and parties thereto;

b. Order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including but not limited to, production of the complete policy of insurance and a complete copy of the written material in the possession of the Defendant that would shed light on the issues involved herein;

c. Determine applicable law, including the provisions of Florida Statutes that apply to the policy and to the parties;

d. Declare each policy provision not in conformity with Florida law be amended and reformed to comply with Florida law;

e. Declare that any ambiguities in the statute or policy be construed in favor of Plaintiff;

f. Declare that the statutes and policy provisions be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to effect the dominant purpose of indemnity or payment to the insured;

g. Declare that the policy of insurance covering the Plaintiff provides coverage for the claim submitted by Plaintiff, and that the losses detailed in this complaint are

"covered losses" that the covered losses must be paid, and that there exists no defense in law or fact to the payment of the covered losses;

h. Declare that the Plaintiff is entitled to a claim for attorneys' fees and costs against Defendant under F.S. §627.428, or §92.231, or §57.041, and for all resulting damages under F.S. §57.105(3); and to determine the amount of such fees and costs to be paid to the Plaintiff;

i. Determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy, as needed to do complete justice in this case.

**WHEREFORE**, Plaintiff further demands trial by jury of all issues so triable in accordance with Florida Statutes, Chapter 86, as well as judgment that Plaintiff is entitled to benefits as contemplated by the insurance policy, and for entry of judgment against Defendant in an amount exceeding $15,000.00, attorneys' fees, interest, and costs pursuant to F.S. §627.428, §57.041, §92.231 and all damages that might be cognizable under F.S. §57.105(3) from the Defendant's "unreasonable delay" or maintaining any defenses that are not supported by the record facts or then-existing law and all other relief this court deems just and proper.

Dated this 11th day of August, 2009.

Keith Lambdin, Esquire
Florida Bar No.:796999
**Katzman Garfinkel Rosenbaum**
300 N. Maitland Avenue
Maitland, FL 32751
Phone: (407) 539-3900
Fax: (407) 539-0211
Attorney for Plaintiff

# EXHIBIT No. 1

# ACORD. CERTIFICATE OF PROPERTY INSURANCE

**DATE** 8/18/2004

| PRODUCER PH (305)556-1488   FAX (305)556-3680 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| NSI Insurance Group<br>8181 N.W. 154 Street<br>Suite 230<br><br>Attn: Barbara Harlan, Ext: 234 | **COMPANIES AFFORDING COVERAGE**<br>COMPANY A: ZURICH COMMERCIAL |
| **INSURED**<br>Florida Hotels & Restaurants, Inc.<br>60 SOUTH IVANHOE BLVD<br>ORLANDO,, FL 32804 | COMPANY B:<br>COMPANY C:<br>COMPANY D: |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|
| A | X PROPERTY | CP02780352-01 | 12/07/2003 | 12/07/2004 | X BUILDING | $ 27,000,000 |
| | CAUSES OF LOSS | | | | PERSONAL PROPERTY | $ |
| | BASIC | | | | X BUSINESS INCOME | $ 7,000,000 |
| | BROAD | | | | EXTRA EXPENSE | $ |
| | X SPECIAL | | | | BLANKET BUILDING | $ |
| | EARTHQUAKE | | | | BLANKET PERS PROP | $ |
| | FLOOD | | | | BLANKET BLDG & PP | $ |
| | X SPECIAL | | | | X CONTS/P&P/STO | $ 7,009,470 |
| | X SPECIAL | | | | X Accounts Recv | $ 300,000 |
| | INLAND MARINE | | | | | $ |
| | TYPE OF POLICY | | | | | $ |
| | | | | | | $ |
| | CAUSES OF LOSS | | | | | $ |
| | NAMED PERILS | | | | | $ |
| | OTHER | | | | | $ |
| | CRIME | | | | | $ |
| | TYPE OF POLICY | | | | | $ |
| | | | | | | $ |
| | BOILER & MACHINERY | | | | | $ |
| | | | | | | $ |
| | OTHER | | | | | $ |

**LOCATION OF PREMISES/DESCRIPTION OF PROPERTY**
00001/00001 60 SOUTH IVANHOE BLVD., Orlando, FL 32804
Subject:Mechanical,Electric.& Press Equipm; Limit:10,000,000
Subject:MEPE-Ammonia Contamination; Limit:25,000 / Subject:MEPE - BI & EE; Limit:25% of MEPE
Subject:MEPE - Expediting Expenses; Limit:25,000 / Subject:MEPE - Hazardous Material; Limit:25,000

**SPECIAL CONDITIONS/OTHER COVERAGES**

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL _____ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. |
| | **AUTHORIZED REPRESENTATIVE**<br>Oscar Seikaly/BARB    *[signature]* Oscar S— |

ACORD 24 (1/95)       © ACORD CORPORATION 1995
INS024 (0195)

Case 6:09-cv-01573-GAP-DAB   Document 2   Filed 09/14/2009   Page 11 of 12

## ADDITIONAL COVERAGES

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,BUILDING | | | | SPECIA | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 27,000,000 | | | | 10,000 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,CONTS/F&F/STOCK | | | | SPECIA | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 7,009,470 | | | | 10,000 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,BI w/ Extra Expense | | | | Special | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 7,000,000 | | | | 0 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Accounts Receivable | | | | Special | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 300,000 | | | | 0 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Mechanical,Electric.& Press Equipm | | | | compreh | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 10,000,000 | | | | 10,000 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE-Ammonia Contamination | | | | incl in | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 25,000 | | | | 0 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE - BI & EE | | | | | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 25% of MEPE | | | | | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE - Expediting Expenses | | | | incl in | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 25,000 | | | | 0 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE - Hazardous Material | | | | incl in | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 25,000 | | | | 0 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE - Water Damage | | | | incl in | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 25,000 | | | | 0 | | | |

| Ref # | Description | | | | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Mechanical, Electrical, Pressure Equ | | | | Compre | | |
| Limit 1 | Limit 2 | Limit 3 | | Deductible Amount | Deductible Type | Premium | |
| 10,000,000 | | | | 10,000 | | | |

OFADTLCV                                                                                    Copyright 2001, AMS Services, Inc.

## ADDITIONAL COVERAGES

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE-Ammonia Contamination | Compre | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 25,000 incl | | | 0 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE-BI & EE | Compre | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 2500000 inc | | | | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE-Hazardous Material | Compre | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 25000 incl | | | 0 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,MEPE-Water Damage | Compre | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 25000 incl | | | 0 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,EDP- Equip/Media/Data | Special | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 203,000 | | | 10,000 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Employee Dishonesty | Special | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 100,000 | | | 1,000 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Money & Securities - Inside & Outsid | Special | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 25,000 | | | 250 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Earthquake &Volcanic Eruption | Earthqu | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 1,000,000 | | | | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Building Ordinance or Law | Special | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 1,000,000 | | | 0 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| 0001 | 00001,60 SOUTH IVANH,Broadened Pers Eff & Prop of Others | Special | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| 50,000 | | | 10,000 | | |

| Ref # | Description | Coverage Code | Form No. | Edition Date |
|---|---|---|---|---|
| | | | | |

| Limit 1 | Limit 2 | Limit 3 | Deductible Amount | Deductible Type | Premium |
|---|---|---|---|---|---|
| | | | | | |

OFADTLCV

Copyright 2001, AMS Services, Inc.